IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| REGINALD STROTHER | § | |
| VS. | § | CIVIL ACTION NO. 1:20cv154 |
| WARDEN, USP BEAUMONT | § | |

MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Reginald Strother, an inmate confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends dismissing the petition.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record and pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes petitioner's objections should be overruled. Petitioner has a long history of bringing frivolous motions attempting to attack the validity of the court's judgment in his criminal case, filing meritless lawsuits, and filing fictitious liens. *See United States v. Strother*, 2018 WL 9249036 (E.D. Tex. 2018); *United States v. Strother*, 2016 WL 7664303 at *7 (E.D. Tex. 2016); *United States v. Strother*, Criminal Action No. 1:06cr182, Docket Entry No.

281 (E.D. Tex. 2020). Petitioner's current argument that his sentence was invalidated or reduced by the First Step Act is yet another attempt to clog the court's docket with frivolous motions.

As set forth in the Report, the First Step Act provides statutory authorization to the sentencing court to modify a previously imposed term of imprisonment. *See United States v. Hegwood*, 934 F.3d 418 (5th Cir. 2019) (recognizing the First Step Act is similar to 18 U.S.C. § 3582(c) "which opens the door . . . for modification of previously imposed sentences for certain specified reasons"). Here, petitioner raised his First Step Act argument before the sentencing court and, during the pendency of this action, the sentencing court declined to impose a reduced sentence and denied petitioner's motion to reduce sentence. *See United States v. Strother*, Criminal Action No. 1:06cr182, Docket Entry No. 281.

In his objections to the report, petitioner argues that the changes in the First Step Act are retroactive. However, petitioner fails to recognize that the decision whether to grant a reduction in sentence under the First Step Act is discretionary, not automatic. As set forth in the Act: "A court that imposed a sentence for a covered offense *may* . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed," and nothing in section 404 of the First Step Act "shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, § 404, 132 Stat 5194 (2018); *see also United States v. Jackson*, 945 F.3d 315, 321 (5th Cir. 2019); *Hegwood*, 934 F.3d at 418.

As previously set forth, petitioner's First Step Act argument was considered by the sentencing court. *See United States v. Strother*, Criminal Action No. 1:06cr182, Docket Entry No. 281. The court determined petitioner was eligible for resentencing under the FSA, but the court

exercised its discretion under the Act and declined to impose a reduced sentence, denying petitioner's motion. *Id.* Petitioner has failed to show he is unlawfully confined and he is not entitled to habeas relief.

## O R D E R

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**SIGNED** this the **19** day of **July, 2021.**

_____
Thad Heartfield
United States District Judge